UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ABDUL-LATIF LIGHTNER,

                          Plaintiff,

       v.

J. PEREZ, Nurse Practitioner Five Points
Correctional Facility, et al.,

                          Defendants.
_____

REPORT & RECOMMENDATION

20-CV-6564EAW

## PRELIMINARY STATEMENT

Plaintiff Abdul-Latif Lightner initiated this action *pro se* on August 3, 2020, asserting claims under 42 U.S.C. § 1983. (Docket ## 1, 17). By Order of the Hon. Elizabeth A. Wolford, Chief United States District Judge, dated May 20, 2022, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 23). On August 8, 2023, this Court issued the pending Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Docket # 55). Lightner did not respond to the Order to Show Cause.

As recounted in the Order to Show Cause, on April 26, 2023, the Court sent plaintiff an Amended Scheduling Order to his last known address – 319 Exchange Avenue, Apt. #15, Endicott, NY 13760 – and the mailing was returned to the Court as undeliverable on May 4, 2023. (Docket ## 51, 52). Moreover, the docket reveals that plaintiff failed to oppose two pending motions filed by defendants, one seeking to compel discovery from the plaintiff (Docket

# 46) and one seeking dismissal of the complaint (Docket # 49). Additionally, it appears that plaintiff failed to appear via Webex for a deposition noticed to occur on July 31, 2023. (Docket ## 53, 54). According to defendants' counsel, in addition to having mailed the notice of deposition to plaintiff's address of record, she also emailed the notice to the email addresses that plaintiff had provided to her. (Docket # 54 at ¶ 4).

Based upon this record, on August 8, 2023, this Court issued the pending Order to Show Cause. (Docket # 55). The Order to Show Cause directed Lightner to respond by September 1, 2023. (*Id.*). It warned Lightner, "Failure to comply with this order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). Although a copy of the Order was mailed to Lightner at his address of record, Lightner has not responded to the Order to Show Cause and has not provided the Court with notice of his current address. At this time, the Order to Show Cause has not been returned to the Court as undeliverable so it is unclear whether or not Lightner received it.

On this record, the Court recommends that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court also has the inherent authority to dismiss an action *sua sponte*.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).  In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the . . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute."  W.D.N.Y. Local Rule 41(b).  The Local Rules also provide that "a *pro se* litigant must inform the Court immediately, in writing, of any change of address[;] [f]ailure to do so may result in dismissal of the case, with prejudice."  W.D.N.Y. Local Rule 5.2(d).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law."  *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331

(2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Oliver v. Sticht*, 2017 WL 3621984, *3 (W.D.N.Y. 2017) (dismissal warranted where *pro se* plaintiff failed to attend deposition or respond to motion to dismiss and had not contacted court in twelve months); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Lightner has not communicated with the Court since March 21, 2023, when he requested to participate in his deposition remotely. (Docket # 42). Although he remotely attended his deposition on March 28, 2023, he apparently terminated the deposition prior to its conclusion and then failed to appear in response to a subsequent deposition notice despite the notice having been mailed to his address of record and the deposition link having been emailed to two email addresses provided by Lightner. (Docket ## 49-1 at ¶ 7; 53; 54). Moreover, mail sent by the Court to Lightner at his last known address has been returned as

4

undeliverable, and Lightner has failed to oppose the two pending motions filed by defendants or to respond to the Order to Show Cause.

On this record, I find that the standard justifying dismissal has been met. As an initial matter, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Gomez-Ka'Dawid v. Wright*, 2013 WL 1103208, *1 (W.D.N.Y. 2013) (collecting cases). The Local Rules require that *pro se* litigants immediately inform the Court of any changes in their address, and the record suggests that Lightner has failed to comply with this rule. Moreover, Lightner's failure to attend his noticed deposition, failure to oppose two pending motions, and failure to respond to the Court's Order to Show Cause strongly suggest that Lightner has lost interest in prosecuting this lawsuit.

"The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute," *id.* at *2, and this Court's Order to Show Cause warned Lightner of the consequences of his failure to respond. Although it is uncertain whether Lightner received the Court's order due to his failure to update his address, his neglect in this regard cannot insulate him from the consequences of his delinquency. If he has indeed moved without providing a forwarding address, "[f]urther attempts to notify [him] would be futile as the Court has no means by which to contact [him]." *Id.* If, on the other hand, he did receive the Order to Show Cause, he has chosen to ignore it, as he has many of his obligations in this litigation. Either way, on this record, I find that Lightner's actions demonstrate the level of prosecutive delinquency justifying dismissal.

**CONCLUSION**

For the foregoing reasons, I recommend that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September 28, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      September 28, 2023